WALKER ET AL *v.* CLARK.

[68 South. 916.]

CANCELLATION OF INSTRUMENTS. *Relief. Credit for payments..*
Where an agreement for the sale of land and for the putting of the vendee into possession, provided that, as there was doubt about the title, the vendee should only pay monthly installments, and in case the vendor's title was shown to be defective the vendee should recover back the installments with expenditures for repairs, taxes, and other incidental expenses, and thereafter the vendor filed a bill to vacate the contract charging the vendee with noncompliance and praying that an account be stated between them. In such case the vendee was entitled to credit for items paid by him, although he was unable to show the date of such payments or produce receipts for the same; the contract making no such requirements.

APPEAL from the chancery court of Lowndes county. HON. J. F. McCOOL, Chancellor.

Bill by Mrs. Eva McDaniel Clark against J. M. Walker and another.

From a decree for complainant, defendants appeal.

Appellee owned an estate *pur autre vie,* and also a contingent remainder, in certain property situated in Lowndes county, Miss., and, being desirous of selling said land, entered into a contract with appellant, which is as follows:

"State of Mississippi, Lowndes county.

"This agreement entered into this 28th day of November, by and between Mrs. Eva McDaniel Clark, of the first part, and J. M. Walker, of the second part, witnesseth: That the party of the first part agrees to sell to the party of the second part the property situated in the city of Columbus, Lowndes county, state of Mississippi, and known as the Barnes property, and for a further description see deed from W. P. Caine to Mrs. Eva McDaniel recorded in deed book 91, page 7, in the records of Lowndes county, Mississippi, at and for the sum of two thousand five hundred dollars, but it is the opinion of the second party and he is so advised that the first party cannot make a good merchantable title to said property and the second party agrees to pay to the first party the sum of fifty dollars per month until after the settlement by the supreme court of Mississippi of the point in question in regard to the title and if the said court decides that said first party can make a good merchantable title to said property then the second party is to pay the said first party the balance of said money and said second party is to have immediate possession of said property upon the first monthly payment and in case the said court decides that the said first party cannot make a good merchantable title to said property, the second party is to have possession of said property until he has been repaid all amounts that he has paid to said first party and all amounts that he has expended for repairs, taxes and other incidental expenses connected with said property.

"Witness our signature this the 28th day of November, A. D. 1910, and signed in triplicate.

"[Signed]          MRS. EVA MCDANIEL CLARK.

"J. M. WALKER."

Under this contract, appellant took possession of said property. Some time after the execution of this contract, appellee filed her bill against appellant, alleging her incapacity to make said contract and charging noncompliance thereto on the part of appellant, and praying that an account between them be stated, a rescission of the contract, and a reconveyance of the land.

The court below, upon the hearing, granted appellee's prayer, and referred the account to a special commissioner with certain instructions to be followed in returning the same. Exception to the report of the commissioner was filed by both appellant and appellee, among which was the failure to allow certain items as charges against appellee in favor of appellant. Afterwards, final decree was entered confirming said report *in toto,* from which action of the court this appeal is taken.

Upon appeal, the action of the court in instructing the commissioner that it would be necessary "that the defendant J. M. Walker be required to give date of all payments for which credits are claimed, to whom and for what paid, and to produce receipts where practicable," was assigned as error. The commissioner in stating his account disallowed credits for items where Walker could not comply with the requirement of the above instruction, and exception is taken to this part of the report by the appellant.

*Frierson & Hale,* for appellant.

*Barton & Barton* and *Sturdivant, Owen & Garnett,* for appellee.

SMITH, J., delivered the opinion of the court.

One of the instructions given by the court below to the commissioner appointed to state the account between the parties hereto was to require appellant, J. M. Walker, "to give date of all payments for which credits are claimed, to whom and for what paid, and to produce receipts where practicable." This instruction was obeyed by the commissioner; and, in passing upon the exceptions to the account as stated by him, the court also seems to have acted upon the rule therein announced. This was error. The contract which forms the basis of this suit contains no provisions that Walker shall be entitled to credit for expenditures made by him only when he can establish the dates thereof and to whom they were made, nor that they must be evidenced, by receipts where practicable, and we know of no rule of law or practice so requiring. The commissioner, in stating the account and the court in passing upon the exceptions thereto, should have been governed by the ordinary rules of evidence.

*Reversed and remanded.*